IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHARLES E. BANKS III,**

    Plaintiff,

    v.

**MELODY BIANCHIMS, et al.,**

    Defendants.

CASE NO. 3:24 CV 250

JUDGE JAMES R. KNEPP II

MEMORANDUM OPINION AND ORDER

### BACKGROUND

*Pro se* Plaintiff Charles Banks filed this *in forma pauperis* action against the Warden and food service workers at the Marion Correctional Institution where he was incarcerated at the time he filed his complaint. *See* Doc. 1. As with multiple prior cases he has filed in this District,[1] his handwritten complaint is almost entirely illegible and does not set forth cogent factual allegations or legal claims. He seeks substantial monetary damages, but the Basis for Jurisdiction and Statement of Claim set forth in his complaint are indecipherable and incomprehensible. *See id*. at ¶¶ II.D and IV.D.

### STANDARD OF REVIEW AND DISCUSSION

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which

---

1. *See Banks v. Jane Doe Williams*, No. 1:24-cv-173 (N.D. Ohio) (dismissed Apr. 17, 2024); *Banks v. Atwell*, No. 1:24-cv-00002 (N.D. Ohio) (dismissed Mar. 28, 2024); *Banks v. Reid*, No. 1:24-cv-8 (N.D. Ohio) (dismissed Mar. 29, 2024); *Banks v. Hardyman*, No. 1:24-cv-124 (N.D. Ohio) (dismissed Apr. 2, 2024); *Banks v. Scott John Doe*, No. 1:24-cv-172 (N.D. Ohio) (dismissed Mar. 31, 2024).

relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings drafted by lawyers, *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even *pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (liberal construction for *pro se* litigants does not "abrogate basic pleading essentials").

To meet the minimum notice pleading requirements necessary to state a claim in federal court, a complaint's allegations must give the defendants notice of what his legal claims are and the factual grounds on which they rest. *Bassett*, 528 F.3d at 437 (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). A complaint fails to state a claim upon which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471.

As with multiple prior lawsuits he has filed in this District, Plaintiff's incoherent complaint in this case fails to meet basic pleading standards and is insufficient to state any plausible claim upon which he may be granted relief. *See Lillard*, 76 F.3d at 726-27 (courts are not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, as Plaintiff has already been apprised, there comes a point when a litigant can no longer be permitted to misuse the judicial system at taxpayer expense by repeatedly filing

facially insufficient complaints. *See Banks*, No. 1:24-cv-173 (Doc. 3, at 3). "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See id*. at 184-85. The Court reiterates the warning issued in the prior case and advises Mr. Banks that he may be sanctioned and denied the privilege of proceeding as a pauper in the future if he files any further facially inadequate complaints in this District.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2024